UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| OMAR GARCIA-VALENZUELA, | CIVIL ACTION NO. 6:15-CV-39-KKC |
| Petitioner, | |
| V. | **MEMORANDUM OPINION AND ORDER** |
| SANDRA BUTLER, *Warden*, | |
| Respondent. | |

**\*\*\* \*\*\* \*\*\***

Petitioner Omar Garcia-Valenzuela is an inmate confined by the Bureau of Prisons in the Federal Correctional Institution-Manchester, located in Manchester, Kentucky. Garcia-Valenzuela has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the 20-year federal sentence which he is currently serving. [R. 1] Garcia-Valenzuela has paid the $5.00 filing fee. [R. 3]

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Garcia-Valenzuela is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, the Court accepts Garcia Valenzuela's factual allegations as true and liberally construes his legal claims in his favor.

The Court has reviewed Garcia-Valenzuela's habeas petition, but concludes that because the Supreme Court cases upon which Garcia-Valenzuela relies do not apply retroactively to his case, and because Garcia-Valenzuela does not set forth a proper claim of actual innocence, it cannot grant Garcia-Valenzuela relief from his current federal sentence. The Court will therefore deny Garcia-Valenzuela's § 2241 petition and dismiss this proceeding.

## BACKGROUND

On December 13, 2010, Garcia-Valenzuela pled guilty in a Georgia federal court to possessing with intent to distribute at least 500 grams of methamphetamine. *United States v. Omar Garcia-Velenzuela*, No. 1:10-CR-431-RWS-LTW (N.D. Ga. Dec. 13, 2010). [R. 24, therein]  The offense carried a minimum 10-year prison sentence. *See* 21 U.S.C. § 841(b)(1)(A) (viii).  Earlier in the case, however, the government had filed an Information under 21 U.S.C. § 851, which increased the mandatory-minimum sentence from 10 to 20 years, based Garcia-Valenzuela's prior 1997 conviction for trafficking in methamphetamine, a felony under Georgia's state law. [R. 23, therein]  At the plea hearing, the district court informed Garcia-Valenzuela about the 20-year minimum sentence based on his prior felony drug offense conviction, and confirmed that Garcia-Valenzuela understood that the twenty-year sentence was "binding" on the district court.  [R. 37 therein, at pp. 12-14]

On March 10, 2011, the district court sentenced Garcia-Valenzuela to a 240-month (twenty-year) prison term, which, based on Garcia-Valenzuela's prior state court conviction for drug trafficking, was the mandatory minimum sentence.  [R. 29, therein]  Garcia-Valenzuela appealed, but on July 19, 2011, the Eleventh Circuit Court of Appeals granted the government's motion for summary affirmance and affirmed the judgment of conviction. [R. 42, therein]

On March 3, 2014, almost three years after the Eleventh Circuit affirmed his federal drug conviction, Garcia-Valenzuela filed a motion in the district court o vacate his sentence

2

under 28 U.S.C. § 2255, alleging that that the district court had improperly sentenced him based on facts not found by a jury or admitted by him, with the relevant fact apparently being his prior state court drug conviction. [R. 44-1, therein] Garcia-Valenzuela argued that *Alleyne v. United States*, ––– U.S. –––, 133 S. Ct. 2151, 186 L.Ed.2d 314 (2013), newly recognized the right underlying his argument, and that his § 2255 motion was timely because he had filed it within one year of the date on which the Supreme Court decided *Alleyne*. [*Id.*]

On March 17, 2014, the Magistrate Judge issued a Report and Recommendation ("R & R") concluding that both Garcia-Valenzuela's § 2255 motion and a certificate of appealability should be denied. [R. 45, therein] Garcia-Valenzuela filed objections to the R & R, but the district court overruled them, adopted the R & R, and denied his § 2255 motion. [R. 50, therein; *see Garcia-Valenzuela v. United States*, No. 1:14-CV-697; No. 1:10-CR-431, 2014 WL 1379540, at \*1 (N. D. Ga. Apr. 8, 2014)] The district court concluded that the Magistrate Judge had correctly determined that based on Eleventh Circuit precedent, *Alleyne* did not apply retroactively, stating, "The Court is not aware of any federal court that has held *Alleyne* retroactively applicable to cases on collateral review, and Movant [Garcia-Valenzuela] has identified no such case." [*Id.*]

The district court also concluded that the Magistrate Judge had correctly determined that Garcia-Valenzuela's § 2255 motion would have failed even if he had timely presented it. [*Id.*, at \*2] The district court explained that the only fact that triggered the statutory minimum twenty-year sentence for Garcia-Valenzuela was his prior felony drug conviction, but that in *Alleyne*, the Supreme Court had reiterated that the Constitution does *not* require the fact of a prior conviction either to be presented to a jury or proven beyond a reasonable doubt. [*Id.*, (citing *Alleyne*, 133 S.Ct. at 2160 n. 1)]

3

Garcia-Valenzuela appealed, but the Eleventh Circuit denied him a certificate of appealability, finding that his § 2255 motion was "…plainly barred by § 2255(f)'s one-year statute of limitations…." [R. 61, therein; *see Garcia-Valenzuela v. United States*, No. 14-12033 (11th Cir. Aug. 25, 2014)]

## CLAIMS ASSERTED IN § 2241 PETITION

In his § 2241 petition, Garcia-Valenzuela challenges the enhancement of his sentence based on what he contends are retroactively applicable Supreme Court cases. Garcia-Valenzuela cites *Descamps v. United States*, ⎯⎯ U.S. ⎯⎯, 133 S. Ct. 2276, 186 L.Ed.2d 438 (2013), in which the Supreme Court examined whether a state-law burglary conviction qualified as a "violent felony" within the meaning of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e). *Descamps*, 133 S.Ct. at 2282. The Supreme Court held that when determining whether a prior conviction qualifies as a predicate offense under the ACCA, sentencing courts may not apply the "modified categorical approach" when the crime of which the defendant was convicted has a single, indivisible set of elements. *Id*. at 2282–83 (describing the differences between the "categorical approach" and the "modified categorical approach"). The Supreme Court clarified that a sentencing court "may use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." 133 S.Ct. at 2293.

Garcia-Velenzuela contends that based on *Descamps*, the trial court should not have considered his prior Georgia state court drug trafficking conviction as a predicate offense for sentencing enhancement purposes. He asserts that a prior conviction qualifies as a predicate offense for enhancement under the ACCA only if the statute's elements are the same as, or narrower than, the elements of 21 U.S.C. § 841(a)(1), but that the Georgia drug trafficking statute under which he was convicted did not contain a "knowledge" element, *i.e.*, the prosecutor was not required to prove the element of *mens rea*. Garcia-Valenzuela thus

4

argues that under *Descamps*, the enhancement of his federal sentence, based on his prior state court drug trafficking conviction, was erroneous and unconstitutional.

Garcia-Valenzuela also relies on the Supreme Court's grant/vacate/remand ("GVR") order in *Persaud v. United States*, 134 S.Ct. 1023 (2014). Like Garcia- Valenzuela, the defendant in *Persaud* sought to challenge a sentencing enhancement through a § 2241 petition and the savings clause of § 2255.

Garcia-Valenzuela's claims thus fall under the Fifth Amendment of the U.S. Constitution, which guarantees due process of law, and the Sixth Amendment of the U.S. Constitution, which guarantees a trial by jury in any criminal proceeding. Garcia-Valenzuela seeks release from custody, and/or any other relief which the Court deems appropriate, presumably, a new sentence without the enhancement.

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners

5

seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Here, Garcia-Valenzuela is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of § 2241. Instead, Garcia-Valenzuela contends that based on the holding of *Decamps*, his enhanced sentence violates his constitutional rights; that because he does not qualify as a career criminal, his sentence is excessive; and that he should be resentenced without the enhancement. Garcia-Valenzuela thus challenges the constitutionality of his 240-month sentence on Fifth and Sixth Amendment grounds, under § 2241 by way of the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for making this claim.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012). *Wooten*, 677 F.3d at 307; 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756.

Further, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and a petitioner may *only* pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756. Garcia-Valenzuela contends that his § 2255 motion was inadequate or ineffective because

6

*Descamps*, decided long after his § 2255 motion was denied, supports his argument that the district court improperly increased (doubled) the length of his federal sentence.

Garcia-Valenzuela's reliance on *Descamps* is misplaced, because the Supreme Court did not indicate in *Descamps* that its holding applies retroactively to cases on collateral review, such as Garcia Valenzuela's § 2241 petition. The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001).

In affirming the denial of a § 2241 petition based on *Descamps*, the Sixth Circuit recently observed in an unpublished opinion that "…the Supreme Court has not held that *Descamps* is retroactive….Thus, Zemba's challenge is not cognizable in a § 2241 petition." *Joseph D. Zemba v. Robert Farley, Warden*, No. 14-6110 (6th Cir May 29, 2015).[1]  Further, several district courts, including this Court, have determined that *Descamps* does not apply retroactively to cases on collateral review, under either § 2241 or § 2255.  *Oman v. Cross*, 2014 WL 3733981, at **2-3 (S.D. Ill., July 29, 2014) (denying § 2241 petition and stating, "*Descamps* is a new statutory interpretation case, but it does not represent a change in the law that has any relevance to petitioner's circumstances…. Moreover, even if *Descamps* did adopt a new rule of law, the new law has not been made retroactive by the Supreme Court.); *United States v. Patrick*, Nos. 6:06-CR-34-DCR, 6:14-CV-7357-DCR, 2014 WL 2991857, at *2 (E.D. Ky. June 30, 2014) (finding that *Descamps* did not afford retroactive relief under 28 U.S.C. § 2255); *Jordan v. Butler*, No. 6:14-CV-159-DCR, 2014 WL 6775239, at *3 (E. D. Ky., Dec. 2, 2014) (denying §2241 petition based on *Descamps*); *Wilson v. Holland*, No. 13-CV-164-DCR, 2014 WL 517531, at *3 (E.D. Ky. Feb. 10, 2014) (same); *Hoskins v. Coakley*, No.

---

[1] On April 17, 2014, Jospeh D. Zemba filed a § 2241 habeas petition in this Court, asserting the same claim which Garcia-Valenzuela asserts in this proceeding:  that *Descamps* applied retroactively to his claims challenging the length of his federal sentence. *Joseph D. Zemba v. Robert Farley, Warden*, No. 7:14-CV-59-ART (E.D. Ky. 2014) [R. 1, therein]  On August 19, 2014, Judge Amal R. Thapar denied Zemba's § 2241 petition on the basis that Sixth Circuit precedent did not permit Zemba to assert such a claim under § 2241. [R. 6; R. 7, therein]  As noted above, Zemba unsuccessfully appealed that decision.

4:13-CV-1632, 2014 WL 245095, at *5 (N.D. Ohio Jan. 22, 2014) (holding that *Descamps* did not apply retroactively and did not provide a basis for relief under § 2241).[2]

Moreover, Garcia-Valenzuela does not contend that he is actually innocent of the underlying drug offense to which he pleaded guilty and of which he was convicted. In other words, he has not alleged that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Garcia-Valenzuela challenges only the length of his federal sentence.

The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("[The petitioner] does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (holding that a prisoner's challenge to his sentencing enhancement under §§ 841 and 846 was not cognizable under § 2241); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for an actual innocence claim."); *see also Whittaker v. Chandler*, 574 F. App'x 448, 449 (5th Cir. 2014) (holding that *Descamps and*

---

[2] *See also Randolph v.United States*, No. CCB-13-1227, 2013 WL 5960881, at * 1(D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *United States v. Sanders*, No. 4:03-CR-154, 2013 WL 5707808, at *2, n. 25 (N.D. Ohio, Oct. 18, 2013) (noting that *Descamps* has not been made retroactive to cases on collateral attack); *Roscoe v. United States*, Nos. 2:11-CR-37-JHH-RRA, 2:13-CV-8006-JHH, 2013 WL 5636686, at * 11 (N.D. Ala. Oct.16, 2013) (same); *Strickland v. English*, No. 5:13-CV-248-RS-EMT, 2013 WL 4502302, at * 8 (N.D. Fla. Aug. 22, 2013) (finding that "*Descamps* does not open the § 2241 portal" to review the claim under the savings clause).

other cases which address sentencing issues had "…no effect on whether the facts of Whittaker's case would support his conviction for the substantive offense.")

Thus, Garcia-Valenzuela's claims challenging the *length* of his 240-month sentence fails because claims of sentencing error do not qualify as "actual innocence" claims under § 2241. *See Bannerman*, 325 F.3d at 724; *Hoskins v. Coakley*, No. 4:13-CV-1632, 2014 WL 245095 (N.D. Ohio Jan. 22, 2014) (denying federal prisoner's § 2241 petition in which he merely challenged his enhanced sentence).

Finally, Garcia-Valenzuela asks the Court to consider his petition in light of the Supreme Court's GVR order in *Persaud v. United States*, 134 S.Ct. 1023 (2014). Like Garcia-Valenzuela, the defendant in *Persaud* sought to challenge a sentencing enhancement by way of a § 2241 petition and the savings clause of § 2255, but binding circuit precedent foreclosed that avenue of relief. The Solicitor General confessed error, taking the view that a petitioner can challenge a sentencing enhancement through the savings clause, and asked the Supreme Court to remand the case to the Fourth Circuit for reconsideration in light of the United States' new position. *See* Brief of Appellee at *22–23, *Persaud*, 134 S.Ct. at 1023. The Supreme Court acquiesced and issued a GVR order. *Persaud*, 134 S.Ct. at 1023.

However, the Supreme Court's GVR order was not a reversal on the merits, nor was it a suggestion that the Fourth Circuit was wrong. *See Communities for Equity v. Mich. High Sch. Athletic Ass'n*, 459 F.3d 676, 681 (6th Cir. 2006). Rather, it is "a device that allows a lower court that had rendered its decision without the benefit of an intervening clarification to have an opportunity to reconsider that decision and, if warranted, to revise or correct it." *Gonzalez v. Justices of the Mun. Ct. of Boston*, 420 F.3d 5, 7 (1st Cir. 2005). While the GVR in *Persaud* gave the Fourth Circuit an opportunity to reconsider its own decision, it does not give district courts free license to ignore binding circuit precedent. The same result obtains

9

in this case: the binding Sixth Circuit precedent, discussed above, bars Garcia-Valenzuela from seeking relief as to the length of his sentence through a § 2241 petition.

For the reasons set forth above, Garcia-Valenzuela has not demonstrated either that his remedy under § 2255 was inadequate or ineffective, or that he is actually innocent of the federal drug offense of which he was convicted. Because Garcia-Valenzuela has not alleged a viable claim of actual innocence, he is not entitled to relief under § 2241. Therefore, his habeas petition will be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. Petitioner Omar Garcia-Valenzuela's § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate Judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This July 14, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY